Birchard, J.
This writ was issued March 23, 1843. The charter of the Miami Exporting Company expired January 1, 1843. Barr, for whose use the writ is prosecuted, died prior to the date of tho writ.
The first inquiry is, are the proper parties before the court?
On looking into the record wo find that the corporate franchises of tho Miami Exporting Company were adjudged forfeited, and the corporation dissolved, at November term of the court of common pleas of Hamilton county, a. d. 1842, in a proceeding instituted under an act passed February 18, 1843, 40 Ohio Stat. 13.
*235 In the case of Renick v. Bank of West Union, decided at this term, a point was settled fatal to this writ, unless there is some provision of the statute that will enable the suit to progress.
Section 14 of the act of 1842 vests the receivers, appointed by virtue of its provisions, with the powers and duties of the special commissioners, as conferred by the act of February 25,1839, Swan’s Stat. 126, so far as that act remained unrepealed.
Section 19 of the act of 1839 invests, for the time being, the special commissioners with all the powers of the bank necessary to a faithful discharge of their duties. (i They shall have power to sue (or and collect any claims, or recover any property, in the name of said bank, for the use of its creditors, in the same way, and to the same extent that said bank could sue and recover.’ Under this section aright to prosecute any suit, where the cor. porate name of the bank is necessary to be used, is conferred upon the receivers. The right exists nowhere else. The corporation exists no longer, and it can not act in any way. None but the receivers can sue in the corporate name. When they use that name as a party plaintiff, they must set forth sufficient to show the character *in which they appear before us. If this were not required, suits might be prosecuted in the name of a dissolved corporation by unauthorized persons, without right, against law, in violation of the rights of debtors, creditors, and stockholders, and the court would remain in ignorance of 'the fact that they were performing the useless task of listening to a cause and rendering judgment, which in the end would amount to a nullity for want of parties. Writ quashed.